## IN RE MAST

[No. 27,386. Filed March 25, 1940.]

*Jay, Phillips & Bontrager,* of Elkhart, for appellant.

*Harry E. Vernon, Davis & Schaefer,* and *John W. Davis,* all of Goshen, for appellee.

TREMAIN, J.—This proceeding was instituted for the purpose of determining whether the appellant, alleged to be insane, was a proper subject to be admitted as a patient for treatment in the hospital for the insane, pursuant to the provisions of chapter 69, Acts of the General Assembly of 1927, p. 179, and amendments thereto, being sections 22-1201 to 22-1228, Burns' 1933, §§ 4293 to 4320, Baldwin's 1934. This act is general and comprehensive, detailing all essential proceedings to adjudge a person subject to commitment to the hospital for insane for treatment.

A verified petition was filed by the guardian of the appellant, wherein he alleged that appellant was an inhabitant of Elkhart County and was entitled to receive medical treatment in the hospital for the insane. Accompanying this petition was an affidavit by a reputable licensed physician of the county in which it was stated that he had made an examination of such person, and recited all of the facts concerning her mental afflictions. These papers were filed with the judge of the circuit court of that county who appointed two

other licensed physicians to examine the patient. These physicians made separate examinations and submitted their verified reports to the judge. Thereupon the judge set the matter for hearing at a stated time and caused the appellant to be notified.

The petition of the guardian, the statements of the physicians, and all proceedings were made in conformity to the statute. The statute provides that when such information is brought to the attention of the judge of a circuit or superior court of a county the same shall be heard in chambers in term or in vacation. If the judge is unable to attend the hearing for any reason, he is authorized to appoint a judge pro tempore to act.

Upon the day fixed for the hearing the appellant appeared by counsel and filed a motion and affidavit for a continuance, wherein she alleged that at that time she was confined in a hospital in Goshen, and, if the cause were continued for a period of 30 days, she would be able to be present. This motion was overruled. She then filed a motion and affidavit for a change of judge, based upon the ground that the judge was biased and prejudiced. This motion was overruled. The judge found that the appellant was a proper patient for treatment and that she should be committed to the hospital for the insane.

At the conclusion of this proceeding the appellant's motion for a new trial was overruled. The action of the judge in overruling the motions for a continuance and change of judge is assigned as error. She proceeds upon the theory that this proceeding is a civil action within the provisions of the civil code and for that reason she was entitled both to a continuance and to a change of judge.

As noted above the statute provides a full, complete, and comprehensive procedure for the examination and commitment of persons to the state hospital for the insane. The statute provides a summary proceeding to determine the necessity of admitting the person to a hospital for treatment. The determination is not a conclusive judgment since it is subject to collateral attack by habeas corpus. The fact that the statute directed that the hearing shall be had in chambers, either in term or in vacation, and that if the judge is disqualified to act he may appoint a judge pro tempore to conduct a hearing, discloses that this proceeding is not a trial or hearing in court. It is quite evident that the statute was enacted for the purpose of obviating certain abuses of a preceding statute, which directed the inquest to be held by two justices of the peace and a physician. Clearly the act provides a special procedure for the determination of the necessity of admitting the person to the hospital for treatment, separate and apart from the regular and usual procedure in court where the code authorizes a change of venue, special judge, continuance, and other like procedure. The responsibility of determining whether a person is in need of such treatment and is a proper person to be admitted to the hospital for the treatment of the insane is placed upon the judge. The necessary steps are prescribed and do not depend in any sense upon the civil code of practice.

Section 23 of the act, § 22-1223, Burns' 1933, § 4315, Baldwin's 1934, provides that any person committed to any hospital for the insane may apply to the proper court for a writ of habeas corpus and the question of the person's insanity be decided at the hearing. This section affords the patient a day in court and protects her constitutional rights.

The statute does not require the presence of the person charged to be in need of medical treatment. There may be many instances when the patient is not able personally to be present because of his mental or physical infirmity, although the statutes provides that: "Notice of such pending proceedings shall be furnished to the person to be committed, and his right to appear and defend shall not be denied." This provision follows a section of the statute with reference to a proceeding to have United States war veterans adjudged insane and committed to federal hospitals and doubtless refers to that section. Be that as it may, the right to appear and defend is a right to be present in person or by attorney, or both. The appellant was present by counsel. The physicians filed a full statement of her history and condition and recommended that she be committed for treatment. It appears that her rights were protected and the proceeding was for her good and benefit. Her condition, according to these statements, was such that she was not a fit person to appear before the judge.

It frequently occurs in proceedings of this nature that time is an important element in committing the afflicted person to an institution for treatment. The Legislature created this special proceeding for the determination of that matter and carefully avoided the submission of the matter to the court. Change of venue, continuance, motion for a new trial, and appeal in many cases would cause delay detrimental to the health of the patient. It is the opinion of this court that it was not the purpose and intention of the Legislature to create a court procedure in such matters, but to create a special hearing to determine the necessity of admission of the patient to the hospital for treatment; that

neither a continuance, change of judge, nor an appeal is contemplated.

It is therefore ordered that the appeal be and the same is dismissed.

NOTE.—Reported in 25 N. E. (2d) 1003.